# EXHIBIT A

## NON-COMPETITION AND CONFIDENTIALITY AGREEMENT

This Non-Competition and Confidentiality Agreement (the "Agreement") made as of the 21st day of November, 2013, by and between Rachel Mancuso ("Employee"), and IT Cosmetics, LLC, a Delaware limited liability company, having a principal place of business at 111 Town Sq Pl Suite 317, Jersey City, New Jersey 07310 (the "Company") with reference to the following:

WHEREAS Employee is employed by the Company, where Employee will learn or has learned and will continue to learn methods of operation, trade secrets, customer lists, technical information and other information which is the property of the Company; and

WHEREAS the foregoing information has been and will continue to be disclosed to Employee in order for Employee to properly perform Employee's job.

NOW THEREFORE, the parties agree as follows:

1. The recitals set forth herein are true and correct and each party has entered into this Agreement in express reliance thereon.

2. The Company agrees to continue to employ the Employee, and the Employee agrees to such continued employment subject to the additional terms and conditions set forth hereafter.

3. The parties acknowledge and agree that employment with the Company is "at will." This means that both the Employee and the Company have the right to terminate employment at any time, with or without advance notice, and with or without cause.

4. Employee acknowledges that, in and as a result of employment hereunder, Employee is making use of, acquiring and/or adding to confidential information of a special nature and value relating to such matters as the Company's trade secrets, programs, systems, procedures, manuals, confidential reports, lists of clients, customers and suppliers, pricing methods and pricing lists, as well as any and all information regarding the needs, trade secrets, programs, systems, procedures, manuals, confidential reports, lists of clients, customers and suppliers, pricing methods and prospect lists of any of the Company's affiliates, consultants, customers, clients, or business associates.  Employee covenants and agrees that Employee shall not, at any time, during or following the term of his or her employment hereunder, directly or indirectly, divulge or disclose, for any purpose whatsoever, any such confidential information which has been obtained by, or disclosed to Employee as a result of Employee's employment.

5. Employee hereby specifically agrees with the Company to refrain from carrying on or engaging, directly or indirectly, in any business or venture similar to, or in competition with that of the Company for a term commencing on the date of this Agreement and continuing until two (2) years after the termination of Employee's employment. The geographical area encompassed by this Agreement is the United States, Canada, Europe, and Asia, due to the nature and scope of the Company's business. Employee further agrees that this covenant not to compete additionally precludes Employee acting as a stockholder, director, officer or employee of a corporation, partner, or in any other entity engaged in a similar or competing business during the term of this Agreement and for two (2) years after termination of Employee's employment. Employee further agrees to refrain from soliciting existing or potential customers of the Company during the term of this Agreement and for two (2) years after the termination of Employee's employment.

6. If the employment of Employee is terminated for any reason, Employee shall immediately turn over to the Company all property of the Company, including, but not limited to, all credit cards, supplies furnished by the Company, and all copies of orders, invoices, any checks,

monies, all copies of confidential information, trade secrets, programs, systems, procedures, manuals, confidential reports and lists of clients, customers and suppliers, pricing methods and prospect lists, as well as any and all information of special and unique nature and value regarding the needs or demands of any of the Company's customers or clients; and the Employee shall make an accounting to the Company for all money received by Employee in which the Company has or may have any interest.

7. You agree not to disparage the Company or to do anything that portrays the Company, its products or personnel in a negative light or that might injure the Company's business or affairs. This would include, but is not limited to, disparaging remarks about the Company as well as its shareholders, officers, directors, employees, agents, advisors, partners, affiliates, consultants, products, formulae, business processes, corporate structure or organization, and marketing methods.

8. Further, during Employee's employment and for a period of two (2) years after termination of Employee's employment, for any reason whatsoever, Employee shall not, directly or indirectly, solicit for employment or employ any employee of the Company or any person who was employed by the Company during the term of Employee's employment.

9. If, at any time, any of the foregoing provisions shall be deemed to be invalid or unenforceable or prohibited by reason of being vague or unreasonable as to duration or place of performance, this paragraph shall be considered divisible and shall become immediately amended to include only such time and such areas as shall be determined to be reasonable and enforceable by the court and the Company and the Employee have expressly agreed that this paragraph, as amended, shall be valid and binding as though any invalid or unenforceable provision had not been included herein.

10. The Company is presently conducting business in the United States, Canada, Europe, and Asia, and that geographical area constitutes a reasonable area in which Employee agrees not to compete pursuant to the terms of this Agreement. The geographical area encompassed by this Agreement is the United States, Canada, Europe, and Asia, due to the nature and scope of the Company's business. If however, this geographical restriction is found to be unreasonable, invalid or unenforceable, this paragraph shall be considered divisible and shall become immediately amended to include only such areas as shall be determined to be reasonable and enforceable by the court and the Company and the Employee have expressly agreed that this paragraph, as amended, shall be valid and binding as though any invalid or unenforceable provision had not been included herein.

11. Employee agrees to promptly disclose to an executive officer of the Company, or its successors, designees or assigns, and to transfer, assign, and convey to the same, all of Employee's right, title and interest in any work-related inventions, creations, discoveries or improvements which Employee may make, develop and/or create or assist in making, developing and/or creating, during Employee's period of employment with the Company, which inventions, creations, discoveries, and improvements relate to products, systems, programs or services manufactured, developed, sold, licensed or provided by the Company. Employee further agrees to promptly disclose to an executive officer of the Company any improvements or modifications of such work-related inventions, creations, discoveries and/or improvements whenever such improvements or modifications are made by Employee. Employee further agrees, both during the period of Employee's employment with the Company and any time thereafter, to execute any instruments, which may be deemed necessary or desirable by the Company to secure to the Company, its successors, designees or assigns, any rights relating to such work-related inventions, creations, discoveries and/or improvements, including any patent and/or copyright applications, registrations or related documents, in the United States or foreign countries, and any renewals or modifications thereof and to do any other acts which may be deemed necessary or desirable by the Company to

effectuate the provisions of this Agreement.

12. In the event of the breach by the Employee of any of the terms and conditions of this Agreement, it is understood that the Company does not have an adequate remedy at law, and therefore shall have the right and remedy to restrain and enjoin Employee from any known violations or threatened violations of this Agreement by injunction, restraining orders, or similar proceeding instituted in any court of competent jurisdiction. The Company shall be entitled to an accounting and repayment of all profits, compensations, commissions, remunerations or benefits which Employee directly or indirectly has realized and/or may realize as a result of any violation of this Agreement. Additionally, the Company shall be entitled to recover its attorneys' fees and all litigation expenses incurred in the enforcement of any covenant contained in this Agreement. In addition thereto, the Company shall have any other remedies available to it in law or equity, which remedies shall not be exclusive.

13. Employee further agrees that this Agreement may be enforced by injunction and/or suit for damages, and that if this Agreement is presented to a court for enforcement, that injunction is reasonable and that irreparable injury on the part of the Company is presumed if this Agreement is breached by Employee. Employee further agrees that disclosure of specific trade secrets, customer lists, methods of operation, technical information or direct solicitation of customers of the Company shall be presumed to be an irreparable injury and may be specifically enjoined.

14. Employee acknowledges that he has read and understands this Agreement. Employee further acknowledges that he considers this Agreement to be reasonable, and that he has been advised to seek legal counsel prior to signing this Agreement and has executed the same only after being so advised.

15. All rights and obligations of the Company pursuant to this Agreement shall inure to the benefit of and shall be binding upon the successors and assigns of the Company.

16. This Agreement may not be amended except in writing by the parties hereto.

17. This Agreement shall be governed by and construed in accordance with the laws of New York, without reference to its choice of law rules. The Company and Employee also agree and hereby submit to the exclusive personal jurisdiction and venue of the courts of New York County, New York and the United States District Court for the Southern District of New York with respect to all matters arising from or relating to this Agreement.

18. This Agreement embodies the entire Agreement between the Company and the Employee as to the employment of the Employee, except for those items which are specifically designated herein to be agreed to between the parties from time to time and any prior oral agreements or understandings are merged herein and superseded hereby.

This Agreement was executed as of the day and year first written above.

Rachel Mancuso

RMancuso  11/27/13
Date

IT COSMETICS, LLC

Name: Paulo Lima, CFO